## JAMES PAUL *versus* LEVI P. CURRIER.

If the plaintiff allege that the defendant, "intending to injure the plaintiff, carried and set fire to the brush in the defendant's close aforesaid, which · * * * being carelessly managed by the defendant, spread and * * * caught the wood in the plaintiff's close," &c. : — *Held*, to be an action at common law, and that the allegation of "intent" must be proved beyond reasonable doubt.

ON EXCEPTIONS from *Nisi Prius*, CUTTING, J., presiding.

CASE, charging that defendant, with intent to injure the plaintiff, kindled a fire on land in his own possession, which · being carelessly managed by the defendant, ran on to the land of the plaintiff and burned over his woodland, which is the injury complained of.

Plaintiff's counsel admitted that the burden of proof was on plaintiff in showing that the fire was set and carelessly managed by defendant; but disclaimed any intention or expectation of satisfying the jury that the defendant set the fire with intent to injure the plaintiff; but claimed that it was an action at common law, that the allegation of intent to injure should be regarded as surplusage, and that, if the jury were satisfied that the defendant was not in the exercise of ordinary care and prudence in setting the fire, or in endeavoring to restrain it when notified that it was running on to plaintiff's land, (the testimony tending to show that he was notified of the fact, and advised to stop it or notify the plaintiff;) that the plaintiff was entitled to recover, providing the case was made out in other respects.

But the presiding Judge ruled and instructed the jury, as contended for by the plaintiff, that this was an action at common law and not an action upon the statute ; and that inasmuch as the defendant was charged in the writ with a criminal offence, the plaintiff was required to prove his allegation in that particular beyond *a reasonable doubt*.

The verdict was for defendant, and the plaintiff alleged exceptions.

Reed *v.* Reed.

*Dyer & Whitcomb*, in support of the exceptions.

In all civil actions, a preponderance of testimony is all that is required. 3 Greenl. Ev., § 29. The declaration is in usual form. Am. Prec., 361. In actions for libel, the allegation that defendant " maliciously intending to hurt, injure," &c., is always used. Am. Prec., 395. See also Am. Prec., 373, 424. Statute penalty does not affect the common law remedy. R. S., c. 26, § 18. The words " intending to injure," &c., should be regarded as surplusage. 1 Greenl. on Ev., § 51.

*E. F. Pillsbury*, for the defendant.

APPLETON, C. J. — The defendant is charged, in the writ, with the commission of a criminal offence. The ruling is in accordance with the opinion of this Court in *Thayer* v. *Boyle*, 30 Maine, 475, and with that of the Court in *Carlisle* v. *McNamara*, 48 Maine, 425.

*Exceptions overruled.*

CUTTING, WALTON, DICKERSON, DANFORTH and TAPLEY, JJ., concurred.